1    ** E-filed on 7/5/05 **

2

3

4

5

6

7                           NOT FOR CITATION

8           **IN THE UNITED STATES DISTRICT COURT**

9       **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                       **SAN JOSE DIVISION**

11

12   BRIAN MINICK,                    | Case Number C 05-00457 JF

13                    Plaintiff,      | ORDER GRANTING TATE & KIRLIN
                                      | ASSOCIATES' MOTION TO
14        v.                          | DISMISS

15   TATE & KIRLIN ASSOCIATES, et al.,| [Docket No. 9]

16                    Defendants.

17

18

19        Defendant Tate & Kirlin Associates ("Tate") moves to dismiss the complaint of Plaintiff

20   Brian Minick ("Minick") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state

21   a claim upon which relief can be granted.  Minick opposes the motion.  The Court has read the

22   moving and responding papers and considered the oral arguments of counsel presented on June 3,

23   2005.  For the reasons set forth below, the motion will be granted.

24                           **I. BACKGROUND**

25        Minick failed to repay a consumer debt that was incurred on a GE Capital credit card.  In

26   letters dated July 15, 2004, August 25, 2004, September 14, 2004, and December 8, 2004, Tate, a

27   collection agency, offered to settle Minick's debt for a lower amount than was owed.  *See*

28   Compl., Exs. A-D.  The July 15 letter stated, in pertinent part:

IMPORTANT NOTICE

Our client has authorized us to offer a limited time settlement for 50% of your balance or $3091.13 to resolve your account.  This payment must be received in our office by 08/05/04 or this offer is void.

Please contact our office at our toll free number should you need a time extension to take advantage of this offer.

Compl., Ex. A.  The three subsequent letters were virtually identical to the first, with variations in the percentage of the outstanding balance requested, the actual dollar amount requested, and the expiration date of the offer.  *See* Compl., Ex. B (offering settlement for 50% or $3108.11 by September 15, 2004); Ex. C (offering settlement for 45% or $2818.49 by October 4, 2004); Ex. D (offering settlement for 50% or $3178.75 by December 27, 2004).  The August and December letters were dated after the expiration of the offer presented in the previous letters, while the September letter was dated one day prior to the expiration of the offer presented in the August letter.  Minick did not accept any of the offers.  Instead, he filed the instant complaint against Tate, Pat Sharpe, Mark Brewer, Sherman Acquisitions II LLP, and Alegis Group LP, alleging that the letters violated the federal Fair Debt Collection Practices Act ("FDCPA").

## II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons:  (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).  For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).  Although the Court generally may not consider any material beyond the pleadings when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997), it may consider documents that are attached to and part of the complaint, *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to

2

1  relief." *Clegg*, 18 F.3d at 754.  However, the Court "is not required to accept legal conclusions

2  cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the

3  facts alleged." *Id*. at 754-55.  Motions to dismiss generally are viewed with disfavor under this

4  liberal standard and are granted rarely.  *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th

5  Cir. 1997).

6  ### III. DISCUSSION

7  As relevant to the instant motion, the FDCPA provides as follows:

8  A debt collector may not use any false, deceptive, or misleading representation or
   means in connection with the collection of any debt.  Without limiting the general
9  application of the foregoing, the following conduct is a violation of this section:

10  . . .

11  (10) The use of any false representation or deceptive means to collect or attempt
    to collect any debt or obtain information concerning a consumer.

12

13  15 U.S.C. § 1692e.  Minick alleges that the collection letters sent by Tate violated 15 U.S.C.

14  § 1692e(10) "by setting a limited time period to respond to their settlement offer, when in fact,

15  Defendants' settlement offer would not expire at the end of the stated time limit," Compl. ¶ 46,

16  and "by using false, deceptive, and misleading statements which had the natural consequence to

17  give the least sophisticated consumer a false sense of urgency," *id*. ¶ 47.  The Court determines

18  as a matter of law whether the language of a collection letter violates the FDCPA.  *Terran v.*

19  *Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir. 1997).  In making that determination, the Court applies

20  a "least sophisticated debtor" standard.  *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222,

21  1225 (9th Cir. 1998).  Although the standard is objective, it is "lower than simply examining

22  whether particular language would deceive or mislead a reasonable debtor."[1]  *Id*. at 1227.

23  Tate argues that Minick has failed to state a cognizable claim for misleading or deceptive

24  representations or means under the FDCPA.  The Court agrees and concludes as a matter of law

25  that the least sophisticated debtor would not be misled or deceived by Tate's collection letters.

26  _____

27  [1] Because the "least sophisticated debtor" standard is objective, Tate's assertion that
   Minick must allege actual consumer deception in order to state a claim upon which relief may be
28  granted is incorrect.

3

1   The sole basis for Minick's claims appears to be that, simply because it was followed by another

2   arguably inconsistent offer, each offer was false, misleading, or deceptive.[2]  By Minick's

3   reasoning, because the offers did not actually expire on their stated expiration dates (at least in

4   the case of the July, August, and September offers), they created a false sense of urgency.

5   However, the letters themselves reveal that each offer was a new offer, with new proposed terms

6   and a new expiration date, and there is nothing inherently misleading or deceptive—even to the

7   least sophisticated debtor—in the common collection practice of extending a new settlement

8   offer at the expiration of the previous one.[3]  This practice raises even less cause for concern

9   where nothing in the offer letters themselves states or suggests that the offers are one-time, take-

10  it-or-leave-it offers or that there will be no further opportunity for settlement after the stated

11  expiration dates.

12         The instant case appears to be distinguishable from *Pleasant v. Risk Management*

13  *Alternatives, Inc.*, on which Minick relies.  *See Pleasant v. Risk Mgmt. Alternatives, Inc.*, No. 02

14  C 6886, 2003 WL 164227 (N.D. Ill. Jan. 23, 2003).  In *Pleasant*, the court denied the defendant's

15  motion to dismiss for failure to state a claim where the plaintiff received a collection letter

16  offering her a "'one time settlement'" of her debt for half the amount owed if she paid by a

17  specific date but warning that, "'[i]f settlement amount is not received by the date indicated

18  above, the offer will be null and void and the entire balance outstanding will be due.'" *Id.* at *1.

19  The plaintiff alleged that the "'one time settlement'" offer statement was false, because it was not

20  actually a one-time offer, and the court was bound to accept the allegation as true for purposes of

21

22         [2] Although Minick asserts that Tate's motion addresses only the allegation in paragraph
    46 of the complaint and fails to address the allegations in paragraphs 30, 36, 37, 39 (the Court
23  assumes, from reading the complaint, that Minick meant "38"), and 47, a fair reading of all of the
    cited paragraphs does not reveal any other factual basis for the complaint, and Minick did not
24  provide one in his opposition brief or at the hearing.  Thus, this ruling applies to Minick's entire
    complaint.
25

26         [3] This analysis also extends to the September letter, even though it is dated one day prior
    to the expiration of the previous offer.  The Court declines to reach a different result with respect
27  to this letter merely on the basis of a single day of overlap between the previous and current
    offers.
28

                                                    4

1   the motion to dismiss.  *See id.*  While this Court is bound by the same standard under Rule

2   12(b)(6), it is not faced with the same type of allegations or collection language as in *Pleasant*.

3   Here, the letters that purportedly establish falsity, deception, and misrepresentation have been

4   placed in the record by Minick himself, and the Court is not limited to consideration only of

5   Minick's allegations.  Instead, the Court may decide for itself, based on the langauge and

6   existence of the letters, whether Minick has a cognizable claim, rather than simply accepting as

7   true allegations that run contrary to the evidence attached to Minick's complaint.

8          Moreover, unlike in *Pleasant*, as noted previously, the letters in the instant case do not

9   purport to be one-time offers or state that the entire balance will become due after the expiration

10  dates, so there is no contradiction, as Minick alleges, in the extension of successive offers.

11  Instead, the instant case is similar to others in which the use of limited-time settlement offers that

12  were not characterized as one-time or final offers has been found not to violate the FDCPA.  *See,*

13  *e.g.*, *Sarder v. Acad. Collection Servs., Inc.*, No. CV 02-2486 NG VVP, 2005 WL 615831, at *2-

14  3 (E.D.N.Y. Mar. 3, 2005) (finding no deception where the defendant issued a second settlement

15  offer letter after the expiration of the settlement offer in the first letter, offering to settle for a

16  lower amount than in the first letter); *King v. Arrow Fin. Servs., LLC*, No. CIV.A. 02-0867, 2003

17  WL 21780973, at *3 (E.D. Pa. July 31, 2003) (finding no deceptive or misleading language

18  where the collection letter did not state that the agency was conveying a "'one-time' or 'final'

19  offer" but rather "set[] forth the terms of the settlement offer in a straightforward fashion,"

20  including a deadline for acceptance of the offer, which was "merely a term of the settlement

21  offer").

22         Finally, although Minick argues *in his opposition brief* that the instant motion to dismiss

23  should be denied because Tate misrepresented the settlement amount it was authorized to offer,

24  *see Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495-96 (5th Cir. 2004) (finding a

25  violation of the FDCPA where the debt collector made false or misleading statements about the

26  settlement amount it had been authorized to offer), Minick does not allege *in the complaint* that

27  Tate misrepresented its settlement authority.  Thus, this argument does not warrant denial of

28  Tate's motion.

Case No. 05-00457 JF
ORDER GRANTING TATE & KIRLIN ASSOCIATES' MOTION TO DISMISS
(JFEX1)

1

**IV. ORDER**

2      Good cause therefore appearing, IT IS HEREBY ORDERED that Tate's motion to

3  dismiss is GRANTED.

4

5

6  DATED:  July 5, 2005

7

8                                      /s/ (electronic signature authorized)
                                      JEREMY FOGEL

9                                      United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 05-00457 JF
ORDER GRANTING TATE & KIRLIN ASSOCIATES' MOTION TO DISMISS
(JFEX1)

1    This Order has been served upon the following persons:

2

3    O. Randolph Bragg
     rand@horwitzlaw.com, shannon@horwitzlaw.com

4    June D. Coleman
     jcoleman@mpbf.com, mellis@mpbf.com, fwilson@mpbf.com

5

6    Larissa G. Nefulda
     NefuldaL@cmtlaw.com

7    John Karl Rossman
     rossmanj@moss-barnett.com, cred-rem@moss-barnett.com

8

9    Stephen H. Turner
     TURNERS@cmtlaw.com, mahaney1@cmtlaw.com, vigils@cmtlaw.com, nefuldal@cmtlaw.com

10   Ronald Wilcox
     ronaldwilcox@post.harvard.edu

11

12   Gregory K. Kechichian
     Carlson Messer & Turner LLP
     5959 W. Century Boulevard, Suite 1214
13   Los Angeles, CA 90045

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    7